104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pamela AUCOIN, Plaintiff-Appellee,
David O. White, Plaintiff-Appellee,
v.
W. Jeff REYNOLDS, Commissioner, et al., Defendants-Appellants,
Dr. Armes, et al., Defendants.
 No. 95-5434, 95-5435.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 On Appeal from the United States District Court, for the Middle District of Tennessee, Nos. 90-00123, 89-00291; Robert L. Echols, District Judge.
 M.D.Tenn.
 VACATED.
 Before: MARTIN, Chief Judge, BROWN, Circuit Judge; and McCALLA, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants appeal the district court's order finding that the Tennessee Department of Corrections' drug testing policy created a constitutionally protected liberty interest and that defendants violated such interest. The issue on appeal is whether the district court erred in concluding that a state prison cannot have the same officials serve on both its post-drug testing probable cause hearing board and its disciplinary board that subsequently rules on infractions found by the first board.[1] For the reasons set forth below, we vacate and remand.
 
 
 2
 In the district court, appellees, inmates at Tennessee correctional facilities, argued that their due process rights were violated when they were subjected to drug testing without probable cause, in violation of mandatory Tennessee Department of Corrections (TDOC) regulations. On cross-motions for summary judgment, the district court examined the TDOC regulations at issue under the then-prevailing analysis of Hewitt v. Helms, 459 U.S. 460 (1983), and found that the mandatory language of the regulations created a constitutionally protected liberty interest prohibiting the state from subjecting inmates to drug testing without probable cause. The court concluded that an inmate is entitled to a post-testing hearing to determine probable cause and that, if probable cause is not found, the results of the drug test cannot be introduced as evidence or serve as a basis for any punitive action. Subsequently, on the parties' cross-motions to alter or amend the judgment, the district court ruled that, inter alia, "the body which is empaneled to conduct the post-testing hearing may be composed of prison officials, but not the same prison officials who sit on the Disciplinary Board which determines the inmate's ultimate guilt and imposes punishment for the offense." This ruling alone is the subject of this appeal by appellants.
 
 
 3
 Recognizing that the Supreme Court in Sandin v. Conner, 115 S.Ct. 2293 (1995), recently disapproved of the Hewitt analysis, appellants assert that the district court did not make any findings of fact necessary to support its ruling. In particular, appellants argue that due process does not require that the body that determines probable cause for drug testing be separate from the body that determines guilt of the offense. Appellees, noting that appellants have not explicitly challenged the district court's finding that a constitutionally protected liberty interest exists, argue that, once a liberty interest is found, the only issue that remains is what process is due. Thus, appellees contend that, under Matthews v. Eldridge, 424 U.S. 319, 334-35 (1976), the state's procedure does not provide sufficient process to safeguard the liberty interest at stake. Accordingly, appellees assert that the district court correctly ordered separation of the post-hearing and disciplinary boards.
 
 
 4
 This case illustrates precisely the problems engendered by the Hewitt analysis. Applying Hewitt, the district court concluded that the TDOC regulations, which were essentially devised to protect the inmates' Fourth Amendment rights, created a constitutionally protected liberty interest. Then, in attempting to define what process is due under the Fifth Amendment, the district court became embroiled in the internal administration of the state department of corrections' choices as to who may serve on its disciplinary boards. As the Supreme Court explained in Sandin, this is the natural and likely result of the Hewitt framework, which often places courts in the undesirable and unintended position of dictating the details of day-to-day management of state prisons. 115 S.Ct. at 2298-99. This methodology has been soundly rejected. Id. at 2300 & n. 5. Thus, Sandin teaches that while federal courts may certainly pass on the constitutionality of state procedures, they should be cautious of becoming involved in day-to-day prison management by dictating to the state the methods by which they are to achieve constitutionality in their internal procedures. See id. at 2299-300.
 
 
 5
 Once stripped of the overlay of liberty interests and due process injected by the Hewitt analysis, the only issues in the present case are the prisoners' Fourth Amendment rights and the process required to protect those rights. While this undoubtedly includes the right to challenge a search as lacking probable cause and the right to some protections against contamination of the later proceedings to determine guilt, if inadmissible evidence is used to determine probable cause, these rights may be curtailed by overriding interests in security and smooth operation of the prison, Wolf v. McDonnell, 418 U.S. 539 (1974). It is exactly this balancing of the inmates' Fourth Amendment rights against the prison's interests in administration of the prison under Wolf v. McDonnell that is appropriate in these cases.
 
 
 6
 In reviewing the record, it appears that the district court may not have had sufficient evidence to have made the ruling in question, and it certainly did not have any argument or evidence on the issues as clarified post-Sandin. Accordingly, the judgment of the district court is vacated and remanded for reconsideration in light of Sandin v. Conner, 115 S.Ct. 2293 (1995), for further factual findings as necessary, and for proceedings consistent with this opinion.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Although the prison's regulations provided for a hearing to determine whether there was probable cause for drug testing, appellees do not contend that they were entitled to a hearing prior to testing